## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER DIER,

    *Plaintiff*,

v.

JEFFREY MARTIN LANDRY et al,

    *Defendants*.

Civil Action No. 24-2306

Judge Greg Guidry

Mag. Judge Michael North

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO STATEMENT OF UNCONTESTED MATERIAL FACTS

**Replies**

1. House Bill 71 requires every public and charter school classroom in the State to display the Ten Commandments by January 1, 2025.
**Defendants' Response:**
Uncontested.

2. House Bill 71 requires the display to use the following text, which is the Protestant King James translation of the Ten Commandments.

> The Ten Commandments
> I AM the LORD thy God.
> Thou shalt have no other gods before me
> Thou shalt not make thyself any graven images.
> Thou shalt not take the Name of the Lord thy God in vain.
> Remember the Sabbath day, to keep it holy.
> Honor thy father and thy mother, that thy days may be long upon the land which the Lord thy God giveth thee.
> Thou shalt not kill.
> Thou shalt not commit adultery.
> Thou shalt not steal.
> Thou shalt not bear false witness against thy neighbor.
> Thou shalt not covet thy neighbor's house.
> Thou shalt not covet thy neighbor's wife, nor his manservant, nor his maidservant, nor his cattle, nor anything that is thy neighbor's.

**Defendants' Response:**
"Uncontested that House Bill 71 requires displays to use this text. Contested that this is 'the Protestant King James translation of the Ten Commandments.' This version is identical to the text of the Ten Commandments monument at issue in *Van Orden v. Perry*, which was formulated after a civic organization 'consult[ed] with a committee composed of members of several faiths in order to find a nonsectarian text.' 545 U.S. 677, 701 (2005) (plurality)."

**Plaintiff's Reply:**
H.B. 71's text is "a specific Protestant version of the Ten Commandments contained in the King James Bible, as opposed to a Roman Catholic or Jewish version." *Roake v. Brumley*, 2024 WL 4746342, at *3 (M.D. La. Nov. 12, 2024); *see* Paul Finkelman, *The Ten Commandments on the Courthouse Lawn and Elsewhere*, 73 Fordham L. Rev. 1477, 1492 (2005) (noting that this "translation that comes from the Protestant King James version of the Bible").

3. House Bill 71 requires the specified version of the Ten Commandments to be displayed on a poster or in a frame that is at least eleven by fourteen inches

**Defendants' Response:**
Uncontested.

4. House Bill 71 requires the text of the Ten Commandments to be the central focus of the poster or framed document.

**Defendants' Response:**
Uncontested.

5. House Bill 71 requires the text of the Ten Commandments to be printed in a large, easily readable font.

**Defendants' Response:**
Uncontested.

6. The Ten Commandments are a sacred text in the Jewish and Christian faiths.

**Defendants' Response:**
"Contested to the extent it suggests that the Ten Commandments are only held sacred by these faiths. 'The Ten Commandments are recognized by Judaism, Christianity, and Islam alike as divinely given.' *McCreary County v. ACLU*, 545 U.S. 844, 909 (2005) (Scalia, J., dissenting)."

**Plaintiff's Reply:**
Defendants' response does not dispute the statement in Paragraph 6 and is thus inapposite. Further, "[t]he Ten Commandments are not part of the liturgy or text of many Native American religions, as well as Islam, Hinduism, Buddhism, Taoism, other non-Western faiths, and nontheistic belief systems." Finkelman, *supra* at 1519.

7. Non-Protestant Judeo-Christian religions and denominations recognize different versions of the Commandments.

**Defendants' Response:**
"Contested to the extent it suggests there is a single, 'Protestant' version of the Ten Commandments. Otherwise, lacks foundation. Plaintiff cites no record evidence to support this assertion, and Defendants lack sufficient information to respond to it."

**Plaintiff's Reply:**
Defendants' response contests a claim that is not made in Paragraph 7. Further, H.B. 71's text is "a specific Protestant version of the Ten Commandments contained in the King James Bible, as opposed to a Roman Catholic or Jewish version." *Roake*, 2024 WL 4746342, at *3; *see* Finkelman, *supra*, at 1492 (noting that this "translation that comes from the Protestant King James version of the Bible"). The numbering system and translation used in the text provided by H.B. 71 differ in meaningful ways from those used by other denominations and faiths that recognize the Ten Commandments as part of their theology, including Catholicism and Judaism. *See* Finkelman, *supra*, at 1485–98 (describing the "substantively different" Catholic translation of the Decalogue, describing the Jewish version of the First Commandment, and noting that for some, the differences in translation are "significant"); *see also Glassroth v. Moore*, 335 F.3d 1282, 1299 n.3 (11th Cir. 2003) (noting the substantive difference in the King James ("a Protestant version") and Hebrew translations of the Sixth Commandment). The Commandments are "not just religious or Christian, but also sectarian." Frederick Mark Gedicks & Roger Hendrix, *Uncivil Religion: Judeo-Christianity and the Ten Commandments*, 110 W. Va. L. Rev. 275, 297 (2007). Defendants' response offers no responsive citations.

8. Other Judeo-Christian religions and denominations do not believe the Ten Commandments are morally binding.
**Defendants' Response:**
"Lacks foundation. Plaintiff cites no record evidence to support this assertion, and Defendants lack sufficient information to respond to it."
**Plaintiff's Reply:**
This fact is not included in the preliminary injunction motion and, after full briefing, is ultimately not material.

9. Other religions, Hinduism, Buddhism, Taoism, and other non-western faiths, do not recognize the Ten Commandments as holy scripture.
**Defendants' Response:**
"Contested to the extent it suggests that Judaism, Christianity, and Islam are 'western faiths.' Otherwise, lacks foundation. Plaintiff cites no record evidence to support this assertion, and Defendants lack sufficient information to respond to it."
**Plaintiff's Reply:**
Defendants' response misreads Paragraph 9 and thus contests a claim that is not made. Further, the Ten Commandments "have no place at all" in many religions, such as "Hinduism, Buddhism, Taoism, and other non-western faiths." Finkelman, *supra*, at 1479.

10. If a teacher refuses to comply with House Bill 71's requirement, the teacher may be terminated.
**Defendants' Response:**
"Contested. House Bill 71 does not impose any obligations or penalties on individual teachers."
**Plaintiff's Reply:**
Defendants' response is a legal conclusion to which no reply is required here. However, Plaintiff notes that H.B. 71 involves teachers at every stage, integrating the Decalogue into the curriculum, requiring the display in each classroom thus imposing the responsibility on teachers to respond to questions and disruptions, and clearly envisioning implementation by teachers. *See*

3

Reply in Support of Plaintiff's Motion for Preliminary Injunction or, in the Alternative, Summary Judgement, at 1.

11.     Plaintiff Christopher Dier is a teacher at Benjamin Franklin High School in New Orleans.
**Defendants' Response:**
Uncontested.

12.     Under House Bill 71, Plaintiff Christopher Dier will be required to display the Ten Commandments on his classroom wall.
**Defendants' Response:**
"Contested. House Bill 71 requires 'each public school governing authority' to display the Ten Commandments on their classroom walls. It does not require anything of individual teachers."
**Plaintiff's Reply:**
Defendants' response is a legal conclusion to which no reply is required here. However, Plaintiff incorporates the points in his reply to Defendants' response to Paragraph 10, *supra*.

| | |
|---|---|
| Dated: November 18, 2024 | Respectfully submitted, |
| | */s/ Elizabeth A. McGovern* |
| Andrew T. Tutt*** | Alex B. Rothenberg (La. Bar No. 34740), T.A. |
| ARNOLD & PORTER | Elizabeth A. McGovern (La. Bar No. 41342) |
| KAYE SCHOLER LLP | GORDON, ARATA, MONTGOMERY, |
| 601 Massachusetts Avenue, NW | BARNETT, MCCOLLAM, DUPLANTIS |
| Washington, DC 20001 | & EAGAN, LLC |
| (202) 942-5000 | 201 St. Charles Avenue, 40th Fl. |
| andrew.tutt@arnoldporter.com | New Orleans, LA 70170 |
| | (504) 679-9826 |
| William T. Sharon*** | arothenberg@gamb.com |
| Sarah Elnahal*** | emcgovern@gamb.com |
| Rachel Carpman*** | |
| Alexander J. Potcovaru*** | Allyson C. Myers*** |
| ARNOLD & PORTER | Cameron Klein* |
| KAYE SCHOLER LLP | ARNOLD & PORTER |
| 250 West 55th Street | KAYE SCHOLER LLP |
| New York, NY 10019-9710 | 777 South Figueroa Street | 44th Floor |
| (212) 836-8000 | Los Angeles, CA 90017-5844 |
| william.sharon@arnoldporter.com | (212) 836-8000 |
| | ally.myers@arnoldporter.com |

*Counsel for Plaintiff Christopher Dier*

*\*\*\* Pro Hac Vice*

*\*\* Application for Pro Hac Vice admission pending*

*\* Application for Pro Hac Vice admission forthcoming*