# EXHIBIT A

No. 24-30706

## 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕱𝖎𝖋𝖙𝖍 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

DARCY ROAKE, REVERAND, ON BEHALF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN INTEREST S.V.; ADRIAN VAN YOUNG, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.V., REAL PARTY IN INTEREST S.V.; MAMIE BROADHURST, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST N.W.; RICHARD WILLIAMS, REVEREND, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST N.W.; JEFF SIMS, REVEREND, ON BEHALF OF HIMSELF AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST A.S., REAL PARTY IN INTEREST C.S. 1, REAL PARTY IN INTEREST C.S. 2; JENNIFER HARDING, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; BENJAMIN OWENS, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST A.O.; DAVID HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN REAL PARTY IN INTEREST A.H., REAL PARTY IN INTEREST L.H.; ERIN HAWLEY, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILDREN, REAL PARTY IN INTEREST A.H, REAL PARTY IN INTEREST L.H.; DUSTIN MCCRORY, ON BEHALF OF THEMSELVES AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.M.; REAL PARTY IN INTEREST P.M., REAL PARTY IN INTEREST L.M.; GARY SERNOVITZ, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD, REAL PARTY IN INTEREST T.S.; MOLLY PULDA, ON BEHALF OF THEMSELVES AND ON BEHALF OF THEIR MINOR CHILD. REAL PARTY IN INTEREST T.S.; CHRISTY ALKIRE, ON BEHALF OF HERSELF AND ON HEHALF OF HER MINOR CHILD, REAL PARTY IN INTEREST L.A.; JOSHUA HERLANDS, ON BEHALF OF HIMSELF AND ON BEHALF OF HIS MINOR CHILDREN, REAL PARTY IN INTEREST E.H., REAL PARTY IN INTEREST J.H.,

*Plaintiffs-Appellees*

v.

CADE BRUMLEY, IN HIS OFFICIAL CAPACITY AS THE LOUISIANA STATE SUPERINTENDENT OF EDUCATION; CONRAD APPEL, IN HIS OFFICIAL CAPACITY

AS A MEMBER OF THE LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION (LSBESE); JUDY ARMSTRONG, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; KEVIN BERKEN, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; PRESTON CASTILLE, IN HIS OFFICIAL CAPACITY AS A MEMBER OF LSBESE; SIMONE CHAMPAGNE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; SHARON LATTEN-CLARK, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; LANCE HARRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF LSBESE; PAUL HOLLIS, LOUISIANA STATE BOARD OF ELEMENTARY AND SECONDARY EDUCATION; SANDY HOLLOWAY, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; STACEY MELERINE, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; RONNIE MORRIS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE LSBESE; EAST BATON ROUGE PARISH SCHOOL BOARD; LIVINGSTON PARISH SCHOOL BOARD; VERNON PARISH SCHOOL BOARD; ST. TAMMANY PARISH SCHOOL BOARD,

*Defendants-Appellants*

———————————

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:24-cv-517, Hon. John W. deGravelles

———————————

### EMERGENCY MOTION FOR ADMINISTRATIVE STAY PENDING DISPOSITION OF THE STATE'S FORTHCOMING MOTION FOR STAY PENDING APPEAL

———————————

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTION ................................................................................ 2

JURISDICTIONAL STATEMENT ...................................................... 5

ARGUMENT ........................................................................................ 6

    A.   The State Is Likely to Succeed on Its Challenge to the
          Notice Provision. ....................................................................... 6

    B.   The State Faces Irreparable Harm Absent an
          Administrative Stay. ................................................................ 12

    C.   The Equities and the Public Interest Favor an
          Administrative Stay. ................................................................ 14

CONCLUSION .................................................................................... 16

CERTIFICATE OF SERVICE ............................................................ 17

CERTIFICATE OF COMPLIANCE ................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Perez,*
    585 U.S. 579 (2018) ................................................................ 14

*Bd. of Regents of Univ. of Wis. Sys. v. Southworth,*
    529 U.S. 217 (2000) .................................................................. 9

*Brown v. Braddick,*
    595 F.2d 961 (5th Cir. 1979) .................................................. 12

*Califano v. Yamasaki,*
    442 U.S. 682 (1979) .................................................................. 7

*Campaign for S. Equality v. Bryant,*
    773 F.3d 55 (5th Cir. 2014) ..................................................... 6

*Elrod v. Burns,*
    427 U.S. 347 (1976) ................................................................ 13

*Gill v. Whitford,*
    585 U.S. 48 (2018) .................................................................... 7

*Griffin v. HM Fla.-ORL, LLC,*
    144 S. Ct. 1 (2023) .................................................................... 7

*In re Abbott,*
    800 F. App'x 296 (5th Cir. 2020) ............................................. 6

*Knox v. Serv. Employees Int'l Union, Local 1000,*
    567 U.S. 298 (2012) ................................................................ 10

*Labrador v. Poe,*
    144 S. Ct. 921 (2024) ........................................... 4, 5, 7, 9, 15

*Maryland v. King,*
    567 U.S. 1301 (2012) .............................................................. 14

*Missouri v. Biden,*
    83 F.4th 350 (5th Cir. 2023) .................................................................... 9

*Murphy v. NCAA,*
    584 U.S. 453 (2018) ............................................................................. 11

*Murthy v. Missouri,*
    603 U.S. 43 (2024) ................................................................................ 9

*Nevada v. U.S. Dep't of Labor,*
    2018 WL 2020674 (E.D. Tex. May 1, 2018) ......................................... 12

*Opulent Life Church v. City of Holly Springs, Miss.,*
    697 F.3d 279 (5th Cir. 2012) .............................................................. 13

*Shurtleff v. City of Boston,*
    596 U.S. 243 (2022) ............................................................................. 10

*Veasey v. Abbott,*
    870 F.3d 387 (5th Cir. 2017) ........................................................ 14, 15

*Veasey v. Perry,*
    769 F.3d 890 (5th Cir. 2014) ................................................................ 6

**Statutes**

28 U.S.C. § 1292(a)(1) .............................................................................. 5

Under Federal Rule of Appellate Procedure 27 and this Court's Rule 27.3, Appellants (collectively, the State)[1] file this emergency motion for an immediate administrative stay of the following Notice Provision of the district court's 177-page November 12, 2024, Order, Ex. A, pending this Court's disposition of the State's forthcoming motion for stay pending appeal to be filed no later than Friday, November 15:

> **IT IS FURTHER ORDERED** that Defendants Brumley and BESE Members shall be responsible for providing notice of this order and H.B. 71's unconstitutionality to all Louisiana public elementary, secondary, and charter schools, and all public post-secondary education institutions.

Ex. A at 177. Urgency exists because the State is exposed to contempt and other sanctions each day that the State does not comply with this unlawful order. Accordingly, the State respectfully requests that this Court immediately enter an administrative stay of the Notice Provision pending the Court's disposition of the State's forthcoming motion for stay pending appeal (to be filed no later than Friday, November 15).[2]

---

[1] Here, as in the district court, undersigned counsel represents all Defendants except Orleans Parish School Board.

[2] Pursuant to this Court's Rule 27.4, counsel for the State notified Plaintiffs of the State's intent to file this motion. Counsel for Plaintiffs advised: "Plaintiffs do not consent to the motion, and reserve the right to file a response once they have seen the motion papers."

1

# INTRODUCTION

This appeal addresses H.B. 71, Louisiana's "Ten Commandments law," which requires Louisiana school governing authorities to post displays of the Ten Commandments (subject to certain minimum requirements) in classrooms by January 1, 2025.

Plaintiffs in this case are children (along with their parents) who allegedly attend schools governed by the five Defendant school boards they sued in this case: Orleans Parish School Board, East Baton Rouge Parish School Board, Livingston Parish School Board, Vernon Parish School Board, and St. Tammany Parish School Board. Ex. A at 3 & n.3. They did not sue—and of course, would not have standing to sue—any of the dozens of other Louisiana school boards. Nor did they sue—and they would not have had standing to sue—any of Louisiana's post-secondary institutions. Plaintiffs sought an injunction against the Defendant school boards' implementation of H.B. 71, including as purportedly governed by Defendant Brumley (State Superintendent of Education) and Defendant members of the Louisiana Board of Elementary and Secondary Education (BESE). *Id.* at 3 & n.2.

There are a significant number of jurisdictional and merits issues in this case, which culminated in a 177-page decision from the district court yesterday purporting to enjoin the implementation of H.B. 71 "throughout the state." *See* Ex. A at 163. The State will file a complete motion for stay pending appeal by Friday, November 15, addressing all of these issues. This brief motion for an administrative stay, by contrast, involves none of those issues.

Instead, this motion addresses a discrete—and unmistakable—abuse of discretion by the district court that places the State in jeopardy of sanctions each day the State refuses to comply. Although Plaintiffs did not request a universal injunction, the district court acquiesced in Plaintiffs' request (Dist. Ct. ECF No. 20 at 3) that the court commandeer Superintendent Brumley and BESE to "provide notice" to non-party schools regarding the district court's opinion that H.B. 71 is unconstitutional. The district court, of course, cannot enjoin such non-parties from implementing H.B. 71—although, again, the district court summarily proclaimed that "the Act cannot be enforced throughout the state." Ex. A at 163. So, the district court instead announced that Superintendent Brumley and BESE "certainly will be ordered to provide

3

notice to all schools that the Act has been found unconstitutional." *Id.*

And the district court so ordered in the Notice Provision:

> **IT IS FURTHER ORDERED** that Defendants Brumley and
> BESE Members shall be responsible for providing notice of
> this order and H.B. 71's unconstitutionality to all Louisiana
> public elementary, secondary, and charter schools, and all
> public post-secondary education institutions.

Ex. A at 177.

To be clear: Plaintiffs have nothing to do with these non-party schools, and they have nothing to gain from this notice. Rather, the only apparent purpose of the Notice Provision is to impose an in terrorem effect on non-party schools by scaring them—in the State's voice—into complying with an injunction that cannot legally bind them.

With all due respect to the district court, the Notice Provision is blatantly unlawful—and it is exactly the sort of conduct that the Supreme Court rejected in *Labrador v. Poe*, 144 S. Ct. 921 (2024) (granting stay of statewide injunction "except as to the provision *to the plaintiffs* of the treatments they sought below" (emphasis added)). Or, in the words of Justices Gorsuch, Thomas, and Alito, this is an example of "certain district courts across the country [that] have not contented themselves with issuing equitable orders that redress the injuries of the

4

plaintiffs before them, but have sought instead to govern an entire State ... from their courtrooms." *Id.* at 926 (Gorsuch, J., concurring in the grant of stay). The State stands to suffer irreparable harm in numerous ways, including (a) the threat of sanctions for refusing to comply with the Notice Provision, (b) the unconstitutional commandeering of State officials to speak as the district court has demanded, and (c) the attempted statewide injunction against a duly enacted Louisiana law. By contrast, Plaintiffs will not—and by definition, cannot—suffer any harm from an administrative stay of the Notice Provision.

For these reasons, the Court should immediately enter an administrative stay of the Notice Provision pending the Court's disposition of the State's forthcoming motion for stay pending appeal (to be filed no later than Friday, November 15).

## JURISDICTIONAL STATEMENT

On November 12, 2024, the district court issued its order, granting a preliminary injunction. Ex. A. The State appealed that ruling the same day. Dist. Ct. ECF No. 87. This Court has jurisdiction under 28 U.S.C. § 1292(a)(1).

5

## ARGUMENT

The Court should immediately enter an administrative stay of the Notice Provision, pending the Court's disposition of the State's motion for stay pending appeal to be filed no later than Friday, November 15. *See, e.g.*, *In re Abbott*, 800 F. App'x 296, 298 (5th Cir. 2020) (per curiam) ("Entering temporary administrative stays so that a panel may consider expedited briefing in emergency cases is a routine practice in our court."). "In determining whether to grant a stay pending appeal, [this Court] considers four factors: '(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014)). Each factor is easily satisfied.

### A. The State Is Likely to Succeed on Its Challenge to the Notice Provision.

An administrative stay is principally warranted because this Court will likely—if not certainly—reverse the Notice Provision. That is so for at least two independent reasons.

6

**1.** The first is that the Notice Provision plainly exceeds the district court's equitable authority. The Supreme Court has long made clear that "a federal court may not issue an equitable remedy 'more burdensome to the defendant than necessary to [redress]' the plaintiff's injuries." *Labrador*, 144 S. Ct. at 923 (Gorsuch, J., concurring in the grant of stay) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). For example, the Supreme Court has embraced "the rule that a 'remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established.'" *Gill v. Whitford*, 585 U.S. 48, 68 (2018).[3]

The Notice Provision violates this rule. To recount, it is undisputed that Plaintiffs sued for an injunction against only five Louisiana school boards—those whose schools the Plaintiff children allegedly attend. They did so because (in their view) an H.B. 71 display posted in one of their classrooms would violate their constitutional rights. It thus goes without saying that an H.B. 71 display in the classrooms governed by the dozens

---

[3] As these authorities suggest, there are certainly cases where statewide and nationwide injunctions are necessary and appropriate because of the nature of the plaintiff (*e.g.*, a sovereign State) or the nature of the harm that must be remedied. This is plainly not that case. This case also does not implicate the scope of remedies under the Administrative Procedure Act, which are statutory, rather than equitable, and thus present unique considerations. *See Labrador*, 144 S. Ct. at 932 (Kavanaugh, J., concurring in the grant of stay) (citing *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 2 & n.1 (2023) (Kavanaugh, J., respecting denial of application for stay)).

of other Louisiana school boards that Plaintiffs did not sue (and could not sue) would not affect Plaintiffs at all. So, too, for a Louisiana college, which Plaintiff children do not attend and could not sue.

That is what makes the Notice Provision so astounding. The district court plainly desired to prohibit *any* Louisiana school from complying with H.B. 71. *See* Ex. A at 163 ("The Court has ruled that the Act is facially unconstitutional. That is, H.B. 71 is unconstitutional in all applications. As a result, the Act cannot be enforced throughout the state."). But Plaintiffs did not (and could not) sue every Louisiana school board or school, for the simple reason that they face no putative harm from non-party schools' implementation of H.B. 71.

The district court appeared to recognize this problem—and so it developed a workaround: "While AG Defendants do not have to serve each school with a copy of this ruling, they certainly will be ordered to provide notice to all schools that the Act has been found unconstitutional ...." *Id.* The district court provided no reason for issuing the Notice Provision, but the objective is unmistakable: using the mouthpiece of Superintendent Brumley and BESE to scare non-party schools into complying with the district court's injunction (by not implementing H.B.

8

71) even though that injunction does not and cannot legally bind non-party schools.

With all due respect to the district court, this is an extraordinary abuse of discretion. Plaintiffs gain *nothing* from the Notice Provision—they will not benefit from it and they will not be harmed without it. *Cf.* *Labrador*, 144 S. Ct. at 926 (Gorsuch, J., concurring in the grant of stay) (criticizing "certain district courts across the country [that] have not contented themselves with issuing equitable orders that redress the injuries of the plaintiffs before them, but have sought instead to govern an entire State ... from their courtrooms."). Because the Court will likely—if not certainly—reverse the Notice Provision, an administrative stay (at a minimum) is warranted.

**2.** Although the Court need not go further, it bears noting that the Notice Provision is independently unlawful because it violates any number of constitutional principles. Two are most obvious.

The first is that the Notice Provision violates the State's own free speech rights.[4] "When the government wishes to state an opinion, to

---

[4] This Court has recognized that "the Supreme Court has made clear that the government (state and otherwise) has a 'right' to speak on its own behalf." *Missouri v. Biden*, 83 F.4th 350, 372 (5th Cir. 2023) (quoting *Bd. of Regents of Univ. of Wis. Sys. v. Southworth*, 529 U.S. 217, 229 (2000), *reversed and remanded on other grounds*

9

speak for the community, to formulate policies, or to implement programs, it naturally chooses what to say and what not to say." *Shurtleff v. City of Boston*, 596 U.S. 243, 251 (2022). "That must be true for government to work"—especially when it chooses what not to say. *Id.* After all, "Boston could not easily congratulate the Red Sox on a victory were the city powerless to decline to simultaneously transmit the views of disappointed Yankees." *Id.* at 251–52.

Central to basic free speech principles is the rule that "[t]he government may not ... compel the endorsement of ideas that it approves." *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 309 (2012). Yet that is precisely what the Notice Provision does. It wields the district court's putative Article III authority to compel State officials to send a message that the court itself cannot lawfully issue or enforce against non-parties. Not only that, but the Notice Provision also does so over the State's express objection that—contrary to the district court's preferred message—H.B. 71 is in fact constitutional. No matter, says the district court: The State must tell all Louisiana schools that H.B. 71 "has

---

*by Murthy v. Missouri*, 603 U.S. 43 (2024). The caselaw is not developed insofar as whether "that right derives from a state's sovereign nature, rather than from the First Amendment itself." *Id.* But "regardless of the source of the right," the right unquestionably exists. *Id.*

been found unconstitutional." Ex. A at 163. The State is unaware of any precedent permitting this extraordinary abuse of power, and the district court cited none.

A second and related constitutional problem arises from "the anticommandeering principle." *Murphy v. NCAA*, 584 U.S. 453, 473 (2018). "[T]he rule serves as 'one of the Constitution's structural protections of liberty.'" *Id.* "The Constitution does not protect the sovereignty of States for the benefit of the States or state government as abstract political entities." *Id.* (citation omitted). Instead, the Constitution "divides authority between federal and state governments for the protection of individuals." *Id.* (citation omitted). And that "healthy balance of power between the States and the Federal Government [reduces] the risk of tyranny and abuse from either front." *Id.* (citation omitted). Thus, for example, the Supreme Court has held that "[t]he Federal Government may not command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program." *Id.* (cleaned up).

Yet that is precisely what has happened here. The district court has commanded Louisiana officials to extend the district court's injunction by

using Louisiana's own voice to influence non-parties to the litigation. True, most anticommandeering cases involve *Congress's* violation of these principles, while this case involves the command of a federal court. If anything, however, this case is even worse because at least Congress is politically accountable; not so for a life-tenured judge. And that is what underscores the impropriety of a court ordering the State to speak against its will and to express a message to which the State itself objects. The Notice Provision is unlawful from top to bottom.

## B. The State Faces Irreparable Harm Absent an Administrative Stay.

The irreparable-harm factor likewise is easily satisfied in at least three respects. *First*, absent an administrative stay, the State must either obey an unlawful Order or refuse to comply with it thereby exposing the State to sanctions each day the State does not comply. That is quintessential irreparable harm. *See, e.g.*, *Brown v. Braddick*, 595 F.2d 961, 965 (5th Cir. 1979) ("If a stay is denied, Braddick will be irreparably harmed because he will be forced to choose between complying with the discovery order ... and continuing his refusal to comply with exposure to possible sanctions for contempt."); *see also Nevada v. U.S. Dep't of Labor*, 2018 WL 2020674, at *3–4 (E.D. Tex. May 1, 2018) (granting stay

pending appeal given that "citation for contempt [against movant's counsel] will cause 'immediate and irreparable harm'").

*Second*, the threatened harm to the State is uniquely irremediable. In ordinary constitutional cases, this Court and the Supreme Court are emphatic that constitutional injuries—even those that are fleeting—constitute irreparable harm. *See, e.g.*, *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))). As described above, this case presents that problem on steroids. The State is unaware of any case in which a district court has attempted to commandeer State officials to send a state-wide message intended to effectuate an injunction that the court itself cannot lawfully enter. Whether the Court views that as an Article III problem, a Tenth Amendment problem, or a free speech problem (or all three), the constitutional defects are unmistakable—and thus, forcing the State to comply with the unlawful Notice Provision would be irreparable harm in the extreme.

13

*Finally*, it is hornbook law that, "[w]hen a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017); *see Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018) ("[T]he inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State[.]" (citing *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers))). Just so here. Moreover, it is no answer for Plaintiffs to say that the State and public have no legitimate interest in the enforcement of a law that (by Plaintiffs' and the district court's lights) is unconstitutional. That would turn *Veasey* and *Abbott* on their heads because then a State would *never* suffer irreparable harm from an injunction against its laws. That is simply wrong. Plaintiffs are free to defend their injunction against H.B. 71 on the merits, but they cannot dispute that the injunction itself nonetheless causes irreparable harm to the State.

## C.   The Equities and the Public Interest Favor an Administrative Stay.

The remaining factors confirm that a stay is proper. On the equities, the State's irreparable harm easily wins the day because Plaintiffs quite literally will suffer no harm from the administrative stay.

14

It is undisputed that the Plaintiff children do not attend any schools other than (at most) those subject to the authority of the five Defendant school boards in this case. *Cf.* Ex. A at 177 (seeking to extend the injunction to "all Louisiana public elementary, secondary, and charter schools"). It is also undisputed that the Plaintiff children do not attend any post-secondary institutions. *Cf. id.* (seeking to extend the injunction to "all public post-secondary education institutions"). Plaintiffs thus will not be harmed by an administrative stay against the district court's attempt to enjoin non-party schools from complying with H.B. 71. *See Labrador*, 144 S. Ct. at 923 (Gorsuch, J., concurring in the grant of stay) (justifying stay on the ground that "the plaintiffs face no harm from the partial stay the State requests").

As for the public interest, the State's own harm and interests answer this question in favor of an administrative stay. *See Veasey*, 870 F.3d at 391 ("Because the State is the appealing party, its interest and harm merge with that of the public."). Moreover, the public has no interest in the enforcement of a Notice Provision that is plainly unlawful. Because all factors favor an administrative stay, therefore, the Court should stay the Notice Provision.

15

## CONCLUSION

The State respectfully requests that the Court immediately enter an administrative stay of the Notice Provision (reproduced below), pending the Court's disposition of the State's forthcoming motion for stay pending appeal (to be filed no later than Friday, November 15):

> **IT IS FURTHER ORDERED** that Defendants Brumley and BESE Members shall be responsible for providing notice of this order and H.B. 71's unconstitutionality to all Louisiana public elementary, secondary, and charter schools, and all public post-secondary education institutions.

Ex. A at 177.

<div style="margin-left:40%">

Respectfully submitted,

Dated:   November 13, 2024

ELIZABETH B. MURRILL
Attorney General of Louisiana

*J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for Appellants*

</div>

## CERTIFICATE OF SERVICE

I certify that on November 13, 2024, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27 (d)(2) because it contains 3,264 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:   November 13, 2024

18